[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS
The path of the pleadings has indeed been tortuous. Suffice it to say that in an apparent effort to comply with the spirit of Judge Fineberg's ruling, the plaintiff on March 7, 2002, filed a request to file an amended complaint and the proposed amended complaint. Apparently recognizing this effort, Judge Hale later denied a second request for a nonsuit. The defendant's motions for nonsuit have been based on the proposition that the plaintiff never has revised his complaint to include a good faith certificate. Rather than revise in that manner, the plaintiff has sought to solve the problem indirectly by filing the amended complaint, which seeks to clarify the plaintiff's position that he is not claiming medical malpractice. To complicate the mix, the defendant did not directly object to the request to amend the complaint until June 26, 2002; cf § 10-60 of the Practice Book; but rather pursued its effort to obtain a nonsuit.
It makes sense to cut the Gordian knot. The motion for nonsuit (#120) is denied. The complaint dated March 7, 2002, shall be the currently operative complaint. The plaintiff shall not introduce any expert evidence regarding any standard of care for medical treatment or any deviation from any standard of care in the care and treatment of the decedent. Motion #118 is moot, in the circumstances.
Beach, J. CT Page 1527